UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────

DARRICK W.[1],

        Plaintiff,

v.                                                  21-CV-13 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

───────────────────────────────────────

## DECISION AND ORDER

    Plaintiff Darrick W. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision made by the Commissioner of the Social Security Administration finding that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 10, 11. For the reasons below, the Court grants in part and denies in part Plaintiff's motion and denies the Commissioner's cross-motion

───────────────────────────────────────

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Supplemental Security Income ("SSI"), filed on October 29, 2018.[2] Tr. 186-91.[3] Plaintiff's application was denied initially and on reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 70-96, 102-35. Following the hearing, in which Plaintiff was represented by counsel, ALJ Bryce Baird issued a decision finding that Plaintiff was not disabled. Tr. 19-37. Plaintiff's request for Appeals Council Review was denied, after which Plaintiff commenced this action. Tr. 1-6; Dkt. 1.

## LEGAL STANDARDS

### I. District Court Review

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a

---

[2] Plaintiff applied for SSI, which "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted).

[3] The filing at Dkt. 6 is the transcript of the proceedings before the Social Security Administration. All references to Dkt. 6 are hereby denoted "Tr. __."

2

conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

While the Court does not determine *de novo* whether the claimant is disabled, the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable doubt as to whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. Disability Determination

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); 20 C.F.R. § 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. 20 C.F.R. § 416.972. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 416.920(b).

3

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c); *see Bowen v. Yuckert*, 482 U.S. 137, 142-45 (1987). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(c). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.960(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 416.920(g)(1).

4

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. 20 C.F.R. § 416.960(c); *see Bowen*, 482 U.S. at 146 n.5. Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. The ALJ's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since filing his application on October 29, 2018. Tr. 24. The ALJ also found that Plaintiff suffered from the following severe impairments: cervical disc disease, with herniations and stenosis, and lumbar disc disease. *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 25.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a) with the following limitations:

> [Plaintiff can] lift, carry, push[,] and pull 10 pounds occasionally, 5 pounds frequently; sit up to 6 hours in an 8-hour day; stand and or walk up to 2 hours in an 8-hour day; would be allowed to stand or stretch for up to 2 minutes after 60 minutes of sitting; would be off task for the 2 minutes of standing or stretching; limited to occasional climbing of ramps or stairs; no climbing ladders,

>ropes[,] or scaffolds; occasional balancing, stooping, kneeling[,] and crouching; no crawling; limited to no more than frequent reaching bilaterally; no more than frequent handling, fingering[,] and feeling of objects bilaterally; limited to environments where there is no exposure to hazards such as unprotected heights or moving machinery; no exposure to excessive vibration. In addition, [Plaintiff is] limited to simple routine tasks, which can be learned after a short demonstration or within 30 days and limited to work, which would not require teamwork such as a production line.

Tr. 26.

The ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 31. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* As such, according to the ALJ, Plaintiff had not been under a disability since his application date of October 29, 2018. Tr. 32.

## II. Plaintiff's Argument

Plaintiff makes two arguments for judgment in his favor. *See* Dkt. 8-1, at 10-20. First, he argues that the ALJ's highly specific sit/stand option in the RFC was unsupported by substantial evidence. *Id.* at 10-16. Second, Plaintiff claims that the ALJ erred in rejecting his subjective complaints. *Id.* at 17-20. As set forth below, remand is necessary because the ALJ did not explain the basis for the particular sit/stand limitation in Plaintiff's RFC.[4]

---

[4] Because the ALJ failed to explain the basis for the particular sit/stand limitation in Plaintiff's RFC, the Court declines to address Plaintiff's second argument. *See Beers v. Comm'r of Soc. Sec.*, 449 F. Supp. 3d 96, 103-04 (W.D.N.Y. 2020).

6

## III. Analysis

Plaintiff argues that the ALJ's highly specific sit/stand limitation in the RFC was unsupported by substantial evidence. *See* Dkt. 8-1, at 10.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). The ultimate RFC determination does not need to correspond "with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta*, 508 F. App'x at 56. What is more, just because an ALJ includes a limitation with a percentage range or other descriptor in the RFC does not mean that the limitation is unsupported by substantial evidence. *See Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) ("The fact that the ALJ assigned a particular percentage range (0-10%) to illustrate [Plaintiff's] limitation does not undermine the fact that the ALJ's finding was supported by substantial evidence."). The question then becomes whether the ALJ's sit/stand limitation was supported by substantial evidence.

The ALJ found that Plaintiff could sit for a total of 6 hours and stand/walk for a total of 2 hours during an 8-hour workday. Tr. 30. He also found that Plaintiff could sit for a total of 60 minutes followed by a 2-minute break. *Id.* But these findings directly conflict with Plaintiff's testimony and the opinion of Plaintiff's treating physician's assistant, Michael Jenkins, PA-C.

At the administrative hearing, Plaintiff testified that he could sit for "[a]bout 20 minutes, 20/30 minutes, maybe a little longer" before needing to stand up. Tr.

7

56. And PA Jenkins opined that Plaintiff: (1) could only sit or stand for 20 minutes at one time before needing to change positions; (2) could stand/walk for about 2 hours total and sit for about 4 hours total during an 8-hour workday; (3) needed a job allowing him to change positions at will; (4) needed to walk for a period of 15 minutes every 30 minutes; and (5) would have to take two unscheduled breaks of 20-30 minutes during a working day, and for 15-20 of those minutes, he would need to lie down. Tr. 1097-98, 1101-02.

Although the ALJ considered Plaintiff's subjective complaints and PA Jenkins's opinion in his decision, he did not provide any explanation for concluding that Plaintiff was less restricted in his ability to sit and stand.[5] This error was not harmless. The vocational expert testified that a hypothetical claimant who "could only sit for four hours and stand and walk for two hours in an eight-hour workday" would be precluded from full-time work. Tr. 68. And the occupational base for unskilled sedentary work is eroded where the frequency of a claimant's need to

---

[5] The ALJ's discussion of the persuasiveness of PA Jenkins's opinion was limited to the following:

> The only treating opinion is from a PA (Exhibit 25F). The PA says there are complaints of radiculopathy, but there are no EMG studies in the record to corroborate such. Also, the PA says there is a cognitive impairment from medical marijuana, but that is unsupported by any evidence. The PA also says there are severe headaches that cause vertigo and photosensitivity, but there is no evidence in the record. There is no evidence that [Plaintiff] would be off task 25% of the time or miss four days of work. Accordingly, I find the medical source statement unpersuasive.

Tr. 30.

alternate between sitting, standing, and walking cannot be accommodated by two regularly scheduled breaks and a lunch period. *See* SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). It is possible that Plaintiff's reported inability to sit for more than 20-30 minutes at a time precludes him from performing sedentary work as a document preparer, callout operator, or a trimmer/cutter. *See* Tr. 32; *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 298 (W.D.N.Y. 2006) (holding that an ALJ's "failure to reconcile the RFC statements with medical source statements was error, and based upon the testimony given by the vocational expert, the failure was not harmless.").

As such, remand is necessary so the ALJ can reconcile his RFC finding that Plaintiff can sit for a total of 6 hours a day and sit for 60 minutes at a time with the other evidence in the record.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for judgment on the pleadings (Dkt. 8) and **DENIES** the Commissioner's cross-motion for judgment on the pleadings (Dkt. 10). The decision of the Commissioner is **VACATED**, and the matter is **REMANDED** for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:   March 27, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE